UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFICA NAPA WINERY LLC,<br><br>　　　　Defendant. | Case No. 21-cv-05471-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

On October 26, 2021, defendant filed a motion to dismiss plaintiff's first amended complaint ("FAC") in its entirety. Dkt. No. 23 (Motion to Dismiss). The Court found this matter suitable for resolution without oral argument and VACATED the December 10, 2021 hearing pursuant to Local Rule 7-1(b). Defendant's motion is hereby GRANTED with prejudice.

**BACKGROUND**

Plaintiff is a California resident and a paraplegic who uses a wheelchair for mobility. Dkt. No. 21 ¶ 1 (FAC). Defendant owns and operates the Napa Winery Inn (the "Hotel") located at 1998 Trower Ave, Napa, California. *Id.* ¶ 2. Plaintiff's lawsuit challenges only the reservation policies and practices of a place of lodging, specifically, "the lack of information provided on the hotel's reservation website." *Id.* ¶ 7. The FAC explicitly states it does not allege the hotel violates any construction related accessibility standards. *Id.*

The FAC alleges plaintiff planned on visiting Napa, California in August 2021, and on February 11, 2021 went onto the Hotel's reservation website to book a room. *Id.* ¶¶ 12-13, 16. Plaintiff alleges he found "insufficient information" about the accessible features of an "accessible" King bedroom to "assess independently whether the room would work for him. *Id.* ¶ 18. The FAC alleges when plaintiff first went onto the Hotel's website, "the entirety of the information provided by the hotel for this 'accessible' King bedroom was: 'Fully accessible non-smoking rooms feature one king bed with plush bedding plus amenities including 37" flatscreen TVs, free wireless high-speed internet, and in-room coffee makers.'" *Id.* ¶ 20. The FAC alleges the Hotel's website was updated at some point to state "Accessible Deluxe Room 1 King Bed: Fully accessible non-smoking rooms feature one king bed with plush bedding, roll in shower, overhead and adjustable hand-held shower grab bars, fold down shower seats addition amenities including 55" flat screen TV, free wireless high speed internet, and in room coffee makers." *Id.* ¶ 23.

The FAC alleges the Hotel's website "**fails to provide any information or details about any accessible features within the [Accessible Deluxe King] guestroom outside the shower**." *Id.* ¶ 26 (emphasis in original). Plaintiff provides examples of what information the Hotel should include, namely: (1) accessibility features of the Hotel room's toilets and (2) accessibility of the hotel itself including the lobby, registration desk, swimming pool, and entrance. *Id.* ¶¶ 27-28.

Plaintiff brings two causes of action. First, plaintiff alleges a violation of the Americans with Disabilities Act ("ADA"), specifically 28 C.F.R. § 36.302(e) which requires places of lodging to maintain reservations systems which:

> a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and
>
> c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

*Id.* at ¶ 37.

2

Second, plaintiff alleges a violation of California's Unruh Civil Rights Act. *Id*. at ¶¶ 39-42. Plaintiff admits the Unruh Act claim hinges upon a successful ADA claim stating "Defendants' [sic] acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices" *Id*. at ¶ 41.

## LEGAL STANDARD

### I. 12(b)(6) Motion to Dismiss for Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. Pro. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that amount to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (*quoting Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## II.     Request for Judicial Notice

When ruling on a Rule 12(b)(6) motion to dismiss, a court may, without converting the motion to one for summary judgment, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Here, the Court can take judicial notice of the hotel's website's contents because it is "information posted on certain . . . webpages that [Mr. Love] referenced in the [FAC]." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); Dkt. No. 21 at ¶ 16. Mr. Love objects to the screenshots offered through defendant's request for judicial notice, arguing the Hotel's website has changed since he visited it in February. Dkt. No. 24 at 5[1]. However, the screenshots are from a website that matches the website referenced in the complaint and there is no dispute that the website information offered by defendant is what can currently be found. *See e.g., Whitaker v. Montes*, No. 21-cv-00679-EMC, 2021 U.S. Dist. LEXIS 87991, at *3 (N.D. Cal. May 7, 2021) ("the Court does take judicial notice of the website information submitted by Defendants. That website information comes from a URL that matches the URL provided in the complaint. Furthermore, there is no dispute by Mr. Whitaker that the website information matches what can currently be found.").

Accordingly, the Court GRANTS defendant's request for judicial notice.

## DISCUSSION

### I.     Claim 1 for Violation of ADA

Plaintiff's ADA claim hinges upon the Hotel's failure to comply with 28 C.F.R. § 36.302(e)(1)(ii) – known in the hospitality industry as the "Reservations Rule." *Love v. Ashford San Francisco II LP*, LEXIS 73148, *7, 2021 WL 1428372, Case No. 20-cv-8458-EMC (N.D. Cal.

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

Apr. 15, 2021). Pursuant to the rule, hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii) (emphasis added). However, the rule does not state what information hotels are "reasonably required to disclose. *Id*. When the Reservations Rule was drafted, the Department of Justice ("DOJ") received comments urging it to "identify the specific accessible features of hotel rooms that must be described in the reservations system." 28 C.F.R. § Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance"). Commenters feared that, without clarification, the Reservations Rule "essentially would require reservations systems to include a full accessibility report on each hotel or resort property in its system." *Id*. The DOJ responded with the following guidance:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

*Id*. Otherwise stated, if a hotel was built after 1991 and in compliance with the ADA Standards for Accessible Design, originally published on July 26, 1991, and republished as Appendix D to 28 C.F.R. part 36 (the "1991 Standards"), then it can satisfy the Reservations Rule by including in its "reservations system" a note that the hotel is accessible and, for each accessible room, a description of the type of room, the size and number of beds, the type of accessible bathing facility, and communications features available in the room.

Here, the Hotel's website provides information specific to the accessible room being booked as follows:



Dkt. No. 23-2 at 5 (Exhibit 2 to RJN). Further, the Hotel's "Accessibility and Compliance" page provides additional information, specifically:

## ACCESSIBILITY & ADA COMPLIANCE

At Napa Winery Inn we make sure every guest enjoys a comfortable, seamless experience from the moment they arrive until it's time to leave. We strive to ensure that every area of our property meets the standards of the Americans With Disabilities Act so that each visitor can experience the best of what we have to offer.

Browse our list of ADA-compliant amenities, from wheelchair-accessible facilities to handicap parking to hearing-impaired alarms, before you book your stay. We look forward to welcoming you.

LESS −

### ADA FEATURES & AMENITIES

- Wheelchair Accessible Facilities
- Handicapped Parking
- Wheelchair Accessible Bathrooms
- Alarms for Hearing/Vision Impaired
- Lowered Switches + Storage

The Ninth Circuit has repeatedly and unequivocally held that the DOJ's guidance on, and interpretation of, ADA regulations is entitled to *Seminole Rock* deference. Accordingly, the court "must give [DOJ's] interpretation of its regulations controlling weight unless it is plainly erroneous or inconsistent with the regulation." *See Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008) (internal quotation omitted); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904 (9th Cir.), *cert. denied*, 140 S. Ct. 122, 205 L. Ed. 2d 41 (2019) ("DOJ's administrative guidance on ADA compliance is entitled to deference"); *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015) ("We have repeatedly held that manuals promulgated by the Department of Justice to interpret the ADAAG, are 'entitled to substantial deference' and 'will be disregarded only if plainly erroneous or inconsistent with the regulation.'" (*quoting Miller*, 536 F.3d at 1028)); *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's interpretation of its ADA implementing regulations is entitled to 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" (*quoting Miller*, 536 F.3d at 1028)).

Further, the term "accessible" is specifically defined in the ADA Accessibility Guidelines ("ADAAG") to describe "a site, building, facility, or portion thereof that complies with these guidelines." 1991 ADAAG § 3.5. Thus, the Hotel's use of the term "accessible" is not merely

conclusory: it means the features described as "accessible" by the Hotel comply with the ADAAG. Further, the 2010 Guidance only requires hotels provide this level of detail after a reservation is made:

> [O]nce reservations are made, some hotels may wish to contact the guest to offer additional information and services. Or, many individuals with disabilities may wish to contact the hotel or reservations service for more detailed information. At that point, trained staff . . . *should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)*.

2010 Guidance (emphasis added).

While the Ninth Circuit has not yet decided what disclosures are required to satisfy the Registrations Rule, an overwhelming number of district courts in this circuit have concluded a hotel's website complies with the Reservations Rule and the 2010 Guidance if it provides similar information to what was provided here. *See e.g., Strojnik v. Xenia Hotels & Resorts, Inc*., No. 19-CV-03082-NC, 2020 U.S. Dist. LEXIS 101797, 2020 WL 3060761, at *3 (N.D. Cal. June 9, 2020) ("[T]he screenshots provided by Strojnik demonstrate that Xenia's website in fact described some accessibility features, such as accessible hotel areas and room features. And it is not clear that the ADA requires Xenia to list its compliance or noncompliance with each and very ADA-mandated feature." (citation omitted)); *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (U.S. Dist. LEXIS 11743, at *19 (C.D. Cal. Jan. 22, 2020) ("[The 2010 Guidance] provides further support that websites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information."); *Strojnik v. 1315 Orange LLC*, No. 19CV1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) ("Plaintiff does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked."); *Strojnik v. Kapalua Land Co*., No. 19-00077 SOM-KJM, 2019 U.S. Dist. LEXIS 165525, at *21 (D. Haw. Aug. 26, 2019) ("Plaintiff fails to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation.").

For these reasons, Hotel's reservation system complies with the Reservations Rule as a

matter of law, and plaintiff's claims must fail.

## II.     Claim 2 for Violation of California's Unruh Act

Plaintiff's Unruh Act violation hinges upon a showing of an ADA violation. Dkt. No. 21 ¶ 40. As discussed above, plaintiff's first claim for an ADA violation fails as a matter of law. As such, so too does plaintiff's second claim under California's Unruh Act.

## CONCLUSION

Both of plaintiff's causes of action fail as a matter of law. Plaintiff's complaint is therefore DISMISSED with prejudice. Allowing for further amendment of the complaint would be futile. *See Arroyo v. JWMFE Anaheim, LLC*, LEXIS 51569, 2021 WL 936018, at *3 (C.D. Cal. 2021) (dismissing complaint with prejudice because "the Court [cannot] contemplate how Plaintiff could cure the deficiencies in his Complaint when the undisputed information on Expedia's and Defendant's websites more than satisfy the ADA's requirements").

**IT IS SO ORDERED**.

Dated: December 9, 2021

_____
SUSAN ILLSTON
United States District Judge